ELTON EUGENE GUNTER

V.

VIRGINIA STATE BAR, *ex rel.,* THE SEVENTH DISTRICT
COMMITTEE, AND BILLY J. TISINGER, ESQUIRE

Record No. 901020

January 11, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell, Lacy, Hassell, JJ.,
and Poff, Senior Justice

*Holmes Conrad Harrison, III (Harrison, Thumma & Stark,* on briefs), for appellant.

*Peter R. Messitt, Assistant Attorney General (Mary Sue Terry, Attorney General; Gail Starling Marshall, Deputy Attorney General; William H. Hauer, Senior Assistant Attorney General,* on brief), for appellees.

SENIOR JUSTICE POFF delivered the opinion of the Court.

In this appeal of right from a judgment entered in a disciplinary proceeding conducted pursuant to Code § 54.1-3935, we consider an attorney's contentions that he has been denied due process and equal protection of the laws. Finding no merit in the arguments he makes in support of those contentions, we will affirm the judgment.

The Virginia State Bar initiated disciplinary proceedings against attorney Elton Eugene Gunter based upon a complaint alleging, *inter alia,* that Mr. Gunter

committed a deliberately wrongful act; engaged in conduct involving dishonesty, fraud, deceit or misrepresentation that

adversely reflected on his fitness to practice law; concealed and knowingly failed to reveal facts which he was required by law to reveal; . . . knowingly made a false statement of fact; and participated in the creation or preservation of evidence when he knew or it was obvious that such evidence was false . . . .

The complaint was referred for investigation to the Seventh District Committee of the Bar (the Committee). Because the complaint had been filed by one of the members of the Virginia State Bar Disciplinary Board (the Board), Billy J. Tisinger, the Committee changed its original decision to convey the complaint to that board. Invoking the authority contained in Part 6, § IV, Paragraph 13 of the Rules of the Supreme Court of Virginia (Paragraph 13), the Committee filed a complaint under Code § 54.1-3935 in the Circuit Court of the City of Winchester on January 31, 1990.

At the conclusion of a hearing conducted as provided in the statute by a three-judge panel, the court found, by "clear and convincing" evidence, that

Mr. Gunter knowingly, wrongfully, deliberately, and intentionally misrepresented material facts to [two liability insurance companies] in that he represented his personal injuries and symptoms were related to the particular automobile accident that each of the two companies was adjusting, by submitting no less than 12 bills to each company for the same charges . . . .

Based upon its findings, the court ruled that "Mr. Gunter violated the provisions of Disciplinary Rule 1-102(A)(3) and (4), as alleged in the Complaint". As appears from the final order entered April 30, 1990, Mr. Gunter "presented mitigating evidence and the Bar presented evidence of [Gunter's] prior disciplinary record",[1] and the court suspended his license to practice law "for a period of one (1) year, effective June 1, 1990."

On appeal, Mr. Gunter argues that "the proceedings before the District Committee were in violation of the Rules of the Supreme Court of Virginia and denied [him] due process of law and equal

---

[1] *See Gunter v. Virginia State Bar*, 238 Va. 617, 385 S.E.2d 597 (1989); *Seventh District Committee v. Gunter*, 212 Va. 278, 183 S.E.2d 713 (1971).

protection of the law." In his view, the Committee abridged his constitutional rights when it referred the complaint to the judiciary without affording him a hearing. Specifically, he says that "Paragraph 13B of the Rules contained certain procedural safeguards available to attorneys in proceedings before a District Committee". He points out that, subject to an exception irrelevant here, Paragraph 13 provides for a hearing conducted by a committee before it conveys a complaint to the Board and to a second hearing by the Board; that a rule promulgated pursuant to Paragraph 13 (Rule IV D of the Virginia State Bar Council Rules of Disciplinary Procedure for District Committees) provides that an attorney who alleges noncompliance with Paragraph 13 is entitled to present evidence and argument in support of that allegation; and that Paragraph 13 makes proceedings before the Committee and the Board confidential.

▉▉▉ Mr. Gunter's procedural due process argument ignores the fact that the "procedural safeguards" listed in Paragraph 13 are expressly qualified and conditional. Subparagraph (B)(5)(a) of that Paragraph provides: "Nothing herein shall be construed to prevent Bar Counsel or a District Committee from proceeding before a circuit court as provided in [§ 54.1-3935] of the Code of Virginia." Read together, the statute and Paragraph 13 vest Bar Counsel and a District Committee with the option of conducting disciplinary proceedings either administratively or before a three-judge court. We see no due process defect in such an option, and we reject Mr. Gunter's argument that the Committee abridged his rights by filing the complaint in the circuit court.

Mr. Gunter, turning to the judicial proceedings, contends that the circuit court infringed his procedural due process rights by denying him an evidentiary hearing when he moved the court to remand the complaint to the Committee for the conduct of "proceedings in accordance with Paragraph 13". We do not agree.

▉ Although an attorney, like a district committee, is given a right to remove disciplinary proceedings from the administrative forum to a circuit court, Paragraph 13(C)(5)(a)(ii),[2] no attorney has a right to insist that the proceedings be confined to the administrative forum. Because Mr. Gunter's claim to such a right was without merit as a matter of law, an evidentiary hearing on his

---

[2] *See, e.g., Gunter v. Virginia State Bar*, 238 Va. at 619, 385 S.E.2d at 598.

motion to remand was unnecessary, and we uphold the court's ruling.

In aid of his motion for discovery during the court proceedings, Mr. Gunter proffered interrogatories seeking statistics and other data related to his several constitutional challenges. The court denied the motion and, assigning error to that decision, Mr. Gunter argues that the ruling was another violation of his procedural due process rights. If "[t]here is no general constitutional right to discovery in a criminal case", *Weatherford* v. *Bursey*, 429 U.S. 545, 559 (1977), there is none in a civil case. "A proceeding to discipline an attorney . . . is a special proceeding, civil and disciplinary in nature, and of a summary character . . . . Being an informal proceeding it is only necessary that the attorney be informed of the nature of the charge preferred against him and be given an opportunity to answer." *Seventh District Committee* v. *Gunter*, 212 Va. at 284, 183 S.E.2d at 717. Rejecting Mr. Gunter's assignment of error, we hold that an attorney has no procedural due process right to discovery in a disciplinary proceeding conducted pursuant to Code § 54.1-3935.

Finally, we consider Mr. Gunter's attack upon the facial constitutionality of the binary disciplinary system created by the statute and Paragraph 13. Mr. Gunter argues on brief that "the procedures governing disciplinary proceedings were constitutionally defective" because there are no "standards to regulate when a disciplinary case would proceed under Paragraph 13 and when it would proceed pursuant to Code § 54.1-3935." Apparently mixing the principles of due process and equal protection in his analysis, Mr. Gunter reasons that "the vast majority of disciplinary cases are handled under paragraph 13"; that the Constitution requires that "members of [a] class who are similarly situated . . . be treated equally"; and that the absence of standards enabled the Committee in this case to treat him differently for an arbitrary reason.

It may be, as Mr. Gunter suggests, that district committees usually choose the administrative forum for the conduct of disciplinary proceedings. That does not mean, however, that the Seventh District Committee, by exercising its option to proceed before the circuit court in this case, denied Mr. Gunter due process or equal protection of the laws. In the first place, we find no merit in the suggestion that a proceeding in a court of law is somehow constitutionally inferior to an administrative proceeding.

Moreover, the action of the committee was not arbitrary. The uncontradicted evidence shows that the only reason the Committee decided not to refer Mr. Gunter's case to the Board was that the author of the complaint against him was a member of that board. For that reason, Mr. Gunter was not similarly situated with other members of his class and, applying the constitutional standards summarized in *Etheridge* v. *Medical Center Hospitals*, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989), we reject Mr. Gunter's challenge to the facial constitutionality of the disciplinary system.[3]

Finding no merit in Mr. Gunter's assignments of error, we will affirm the judgment below.

*Affirmed.*

---

[3] To succeed in a challenge to the facial constitutionality of a legislative act, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States* v. *Salerno*, 481 U.S. 739, 745 (1987). It is not sufficient to show that the act "might operate unconstitutionally under some conceivable set of circumstances". *Id*. Mr. Gunter has "failed to shoulder [this] heavy burden". *Id*.